**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM ANTHONY DODDS,

　　　　　Plaintiff-Appellant,

v.

DR. DEL MURO, ; DR. (NFN)
STOWERS; D. NAVARRO, P.A.;
(NFN) SATTERFIELD, Assistant
Health Administrator; (NFN)
SMITH, Health Administrator;
(NFN) SALAZAR, P.A., and/or
Medical Staff; SHAWN KRICK,
Lab Tech/Radiologist,

　　　　　Defendants-Appellees.

No. 98-3105
(D.C. No. 95-CV-3011)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

\* 　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff William Anthony Dodds appeals from an order of the district court granting summary judgment to defendants in this case brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm.

In his complaint, Mr. Dodds claimed defendants violated his Eighth Amendment rights because they were deliberately indifferent to his serious medical needs. Mr. Dodds alleged that defendants failed to timely read the results of tuberculin tests administered after his admission to the prison and, after a positive result, failed to administer treatment in a timely fashion.

The district court held that summary judgment for defendants was appropriate as Mr. Dodds could not show that the delay in treatment resulted in substantial harm. Upon review of the record and the parties' briefs on appeal, we agree that Mr. Dodds has failed to state a viable Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (to prevail on Eighth Amendment cruel and unusual punishment claim, inmate must show defendants

were deliberately indifferent to his serious medical needs). At best, Mr. Dodds has only presented a claim of negligence.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated therein. All pending motions are DENIED as moot.

Entered for the Court

John C. Porfilio
Circuit Judge